## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY CLARK<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA and<br>SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY<br><br>　　　　　Defendants. | CIVIL COMPLAINT<br><br>NO. |

## INTRODUCTION

Plaintiff, Jeffrey Clark, brings this Federal Tort Claims Act action pursuant to 28 U.S.C. Section 2671, et seq. and the laws of the United States of America. Plaintiff seeks damages from Defendants for the negligent infliction of bodily harm.

## THE PARTIES

1. Plaintiff, Jeffrey Clark, is a citizen of the Commonwealth of Pennsylvania residing at 1501 South 47th Street, Philadelphia, Pennsylvania, 19142.

2. John Joseph Lawless III, is alleged and therefore averred to be, at all material times, an agent, servant, workman and/or employee of the United States Postal Service (hereinafter referred to as the "USPS").

3. The USPS is an agency and/or instrumentality of Defendant, United States of America (hereinafter referred to as the "USA").

4. Defendant, Southeastern Pennsylvania Transportation Authority (hereinafter sometimes referred to as Defendant, "SEPTA"), is a Metropolitan Transit Authority maintaining a place of business at 1234 Market Street, Fifth Floor, Philadelphia, Pennsylvania, 19107.

5. Joy Adams, is alleged and therefore averred to be, at all material times, an agent, servant, workman and/or employee of Defendant, SEPTA.

6. At all times material hereto, Defendant, USA, owned, possessed, managed and controlled a United States Postal Service motor vehicle identified as U.S. Postal Service (USPS) Van #6210640 that was being operated by its agent, servant, workman and/or employee, Defendant, John Joseph Lawless III, who was engaged in the Defendant, USA's, business and acting within the course and scope of his employment and authority.

7. At all such times, Defendant, SEPTA, was and still is engaged in the business of a common carrier and for the purposes of this business, did and does own and operate transportation vehicles known as trolley cars, trackless trolleys and buses, in and upon the highways of the City and County of Philadelphia, Commonwealth of Pennsylvania.

8. At all times material hereto, Defendant, SEPTA, owned, possessed, managed and controlled a public transportation motor vehicle identified as Bus #8627, Route 6 Block 3815, that was being operated by its agent, servant, workman and/or employee, Joy Adams, who was engaged in Defendant, SEPTA's business and acting within the course and scope of her employment and authority.

## JURISDICTION

9. Jurisdiction of this Court arises under the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b), 2671 et seq.

10. On or about December 30, 2015, pursuant to 28 U.S.C. § 2675(a), a claim, dated December 22, 2011, was duly served upon and received by the USPS on behalf of Plaintiff, Jeffrey Clark.

11. On or about April 28, 2017, the USPS issued a final denial of Plaintiff's claim.

12. This instant action is brought within six months of the final denial in compliance with the conditions set forth by 28 U.S.C. § 2401 (b).

## VENUE

13. Pursuant to 28 U.S.C. Section 1391(a), venue is proper in the Eastern District of Pennsylvania because the events giving rise to Plaintiff's cause of action occurred in the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

14. On or about December 22, 2015 at or about 10:27 a.m., Plaintiff, Jeffrey Clark, was a passenger in SEPTA Bus #8627, which was being operated upon its business by its agent, servant, workman and/or employee, Joy Adams, within the course and scope of her employment and authority on N. Broad Street at or near its intersection with Somerville Avenue, public highways in the City and County of Philadelphia, Commonwealth of Pennsylvania.

15. On the aforesaid date, time and place, USPS's Van #6210640 was being operated upon its business by its agent, servant, workman and/or employee, John Joseph Lawless III, within the course and scope of his employment and authority at the intersection of N. Broad Street and Somerville Avenue in the City and County of Philadelphia, Commonwealth of Pennsylvania.

16. On the aforesaid date, time and place, Defendant USA and Defendant, SEPTA's said vehicles were operated so negligently, recklessly and carelessly so as to cause the vehicles to suddenly and severely collide causing Plaintiff, Jeffrey Clark, to be violently thrown about the inside of the bus in which he was a passenger, resulting in serious injuries to Plaintiff, Jeffrey Clark, as hereinafter described.

17. As a result of the aforesaid negligence, Plaintiff, Jeffrey Clark sustained serious and painful injuries, some or all of which may be permanent in nature.

18. Plaintiff, Jeffrey Clark, avers that he may have sustained other injuries and/or aggravated preexisting conditions.

19. As a further result of the aforesaid accident, Plaintiff has suffered great physical pain and mental anguish, all of which may continue in the future.

20. As a further result of the aforesaid accident, Plaintiff has been and may in the future be required to spend considerable sums of money for medical treatment in an effort to treat and cure himself of the injuries sustained as aforesaid, any and all of which may continue to his great financial loss and detriment.

21. As a further result of the aforesaid accident, Plaintiff has been or may in the future be unable to work due to his injuries, with consequent loss of earnings and impairment of his earning capacity.

22. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, life's pleasures and activities to his great detriment and loss.

23. Plaintiff, Jeffrey Clark, in no manner contributed to his injuries which resulted from the direct negligence of Defendants, USA and SEPTA, by and through their agents, servants, workmen and/or employees.

## FIRST COUNT
### Jeffrey Clark vs USA

24. Plaintiff, Jeffrey Clark, hereby incorporates by reference the averments of the preceding paragraphs as though more fully set forth herein.

25. The negligence and carelessness of Defendant USA, by and through its agent, servant, workman and/or employee, John Joseph Lawless III, consisted of the following:

    (a) Failing to have their vehicle under proper and adequate control;

    (b) Failing to maintain a proper lookout;

  (c) Failing to warn of the approach of their vehicle without due regard for the rights and safety of Plaintiff passenger lawfully seated in the said bus;

  (d) Failing to maintain a safe distance between their vehicle and that of the SEPTA bus in which Plaintiff was a passenger;

  (e) Operating their vehicle at an excessive rate of speed;

  (f) Operating their vehicle in a dangerous and unsafe manner;

  (g) Failing to make timely application of the vehicle's brakes;

  (h) Failing to slow, stop or swerve their vehicle when John Joseph Lawless III, knew or in the exercise of reasonable care should have known that unless he did so, their vehicle would cause the aforesaid accident;

  (i) Operating their motor vehicle in violation of the ordinances of the County of Philadelphia and the statutes of the Commonwealth of Pennsylvania pertaining to the proper operation of motor vehicles;

  (j) Operating a vehicle with a defective brake system;

  (k) Failing to properly inspect and maintain the vehicle in question;

  (l) Failing to use due care and caution under the circumstances; and,

  (m) Negligence in other respects which may well be pointed out during discovery or at the trial of this matter.

 26. Defendant, USA, by its agency, USPS, was further negligent as follows:

  (a) Allowing and permitting its postal van to be operated by John Joseph Lawless III, when Defendant knew or should have known in the exercise of reasonable care that John Joseph Lawless III was not adequately trained to operate or was otherwise incapable of safely operating the said vehicle; and,

(b) Failing to investigate and/or negligently investigating the driving ability of John Joseph Lawless, III, prior to allowing him to operate its vehicle.

27. Defendant, USA, is liable for the negligence and carelessness of its agents, servants, workmen and/or employees, such as John Joseph Lawless III, under the Doctrine of *Respondeat Superior* and the laws of the United States of America and the Commonwealth of Pennsylvania.

28. On December 30, 2015, Plaintiff gave notice to Defendant by letter addressed to United States Postal Service, Accident Investigations, 2970 Market Street, Room 211, Philadelphia, Pennsylvania 19104, certified mail, return receipt requested.

29. On September 21, 2016, Plaintiff submitted Standard Form 95 to United States Post Office, Tort Claims Coordinator at 3190 South 70th Street, Room 201, Philadelphia, Pennsylvania 19153, Attention Jason Jordan, for damages in the amount of $50,000.00 for Personal Injury, receipt of which was acknowledged by Defendant.

30. Plaintiff's claim was denied in letter dated April 28, 2017 signed by Patrick C. Sullivan, Tort Claims Examiner/Adjudicator with cc to Jason Jordan, Tort Claim Coordinator.

WHEREFORE, Plaintiff, Jeffrey Clark, demands judgment against Defendant, USA, in an amount not in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with the costs and disbursements of this action.

## SECOND COUNT
### Jeffrey Clark vs SEPTA and Joy Adams

31. Plaintiff, Jeffrey Clark, hereby incorporates by reference the averments of the preceding paragraphs as though more fully set forth herein.

32. The negligence and carelessness of Defendant, SEPTA, through its agent, servant, workman and/or employee, Joy Adams, consisted of the following:

(a) Failing to have their bus under proper and adequate control;

(b) Operating their bus at an excessive rate of speed;

(c) Operating the bus without due regard for the right, safety and position of Plaintiff passenger herein;

(d) Operating the bus in a dangerous and unsafe manner;

(e) Failing to maintain a proper lookout;

(f) Failing to slow, stop or swerve their bus when Defendant driver knew or in the exercise of reasonable care should have known that unless she did so, their bus would cause the aforesaid accident;

(g) Operating their motor vehicle in violation of the ordinances of the County of Philadelphia and the statutes of the Commonwealth of Pennsylvania pertaining to the proper operation of motor vehicles;

(h) Operating a vehicle with a defective brake system;

(i) Failing to properly inspect and maintain the vehicle in question;

(j) Failing to use due care and caution under the circumstances; and,

(k) Negligence in other respects which may well be pointed out during discovery or at the trial of this matter.

33. Defendant, SEPTA, was further negligent as follows:

(a) Allowing and permitting its bus to be operated by Joy Adams, when Defendant, SEPTA, knew or should have known in the exercise of reasonable care that Joy Adams, was not adequately trained to operate or was otherwise incapable of safely operating the said bus; and,

(b) Failing to investigate and/or negligently investigating the driving ability of Defendant, Joy Adams, prior to allowing her to operate its bus.

34. Defendant, SEPTA, is liable for the negligence and carelessness of its agents, servants, workmen and/or employees, such as Joy Adams, under the Doctrine of *Respondeat Superior* and the laws of the United States of America and the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff, Jeffrey Clark, demands judgment against Defendant, SEPTA, in an amount not in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with the costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

THE ROTHENBERG LAW FIRM LLP

DATED: 10/25/2017

BY: _____
Daniel Breen, Esquire
THE ROTHENBERG LAW FIRM LLP
1420 Walnut Street, 2nd Floor
Philadelphia, PA 19102
Attorney for Plaintiffs